BART F. VIRDEN, Judge
Appellant Joel Friday filed a complaint against his brother, appellee Randy Friday, to recover guns and ammunition, as well as a large gun safe, that he had entrusted to Randy. The Miller County Circuit Court ruled partially in Joel's favor and awarded him, among other things, the guns located at Randy's home. Joel argues that the trial court erred in not awarding him a judgment for the value of twenty-nine guns worth $ 24,050 that were missing from Randy's home. We affirm.
I. Bench Trial
The following is a summary of the testimony presented at trial. In 1985, Joel started and was active in operating a business in Texarkana called Bucks & Ducks Sporting Goods. Joel ran into some legal trouble in 2012 and was no longer allowed to possess any guns or ammunition. Joel and Randy disagreed on whose idea it was to store the guns and ammunition from the business at Randy's home. Nevertheless, Joel and some friends took approximately ten pickup-truck loads of guns and ammunition to Randy's home. Joel said that he did not ask Randy to sign a receipt at the time of the transfer because they are brothers. According to Joel, the agreement was that Randy would hold Joel's guns, ammunition, accessories, and components, along with the gun safe, until Joel's probation expired. In the two-year span of time that Randy had the guns and ammunition, the brothers had a falling out. In 2014, Joel was taken off probation, and his record was later expunged. Joel then asked Randy for his guns and ammunition back, but Randy refused to return them.
Randy denied disposing of any of Joel's guns or ammunition; however, Joel had two friends who testified that they had either helped load the guns and ammunition from the business location or helped deliver them to Randy's home. Both men stated that Joel had a full inventory at Bucks & Ducks in 2012, including approximately one hundred guns. Joel testified that in January 2013 he saw another friend, who had also assisted with the delivery, driving down the county road on which Randy lived with a load of ammunition. Joel also stated that in 2015, he hired *886 a private investigator who bought ammunition from Randy and reported that Randy had tried to sell him a rifle.
Randy said that no inventory had been done when the guns and ammunition were delivered to his home; however, an inventory had been done after Joel filed the lawsuit. That inventory, along with photos of the guns and ammunition, was introduced at trial as defendant's exhibit No. 1. This exhibit included an informational page stating that the parties' lawyers had agreed to hire a nonbiased party to conduct the inventory. One page of the exhibit contained a typed list of nineteen guns, four gun cases, and one rifle scope with an explanation at the bottom: "This was the total of all the firearms in the house."
Joel testified that, when the goods were delivered to Randy's home, he already had an inventory of his guns and ammunition from the store. He stated that he could determine the balance of the missing guns because he had records and referred to "receiving and disposition books." Joel introduced plaintiff's exhibit No. 4, which consisted of a handwritten list of guns on three plain sheets of paper entitled "3 Pages Corrected Complete List of Guns" and "Joel Friday List of Values of Guns." The list purported to describe each gun, including the manufacturer, the model, the serial number, the type of action, the gauge or caliber, and an estimated value. There were approximately forty-six guns on the list. Along with the list of guns and ammunition were photos taken by Joel depicting empty shelves where the guns and ammunition had been stored at Bucks & Ducks before they were taken to Randy's home.
In a written order, the trial court found "that Joel is entitled to the return of all his guns and ammo as depicted on Exhibit Def # 1, along with his gun safe" but found that there was insufficient evidence to determine how many guns were missing from Randy's home. Joel timely appealed from this order.
II. Standard of Review
In civil bench trials, the standard of review on appeal is whether the trial court's findings were clearly erroneous or clearly against a preponderance of the evidence. City of Tontitown v. First Sec. Bank , 2017 Ark. App. 333, 522 S.W.3d 834. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the entire evidence, is left with a firm conviction that a mistake has been made. Id. Facts in dispute and determinations of credibility are solely within the province of the fact-finder. Id.
III. Discussion
Joel argues that "there was very substantial evidence presented in the record" of his missing guns, as well as the fair market value assigned to them by their undisputed owner. Joel maintains that the trial court should have compared the one-page "litigation-era inventory" (defendant's exhibit No. 1 ), with his three-page "original delivery inventory" (plaintiff's exhibit No. 4 ), to arrive at a conclusion that twenty-nine guns worth $ 24,050 were missing.
We cannot say that the trial court clearly erred in finding that Joel failed in his burden of proving by a preponderance of the credible evidence the existence and value of guns he claimed were "missing" from Randy's home. Although Joel describes plaintiff's exhibit No. 4 as the "original delivery inventory," the testimony established that no inventory had been done when the guns and ammunition were delivered to Randy's home. While Joel suggested in his testimony that an inventory was already in existence at the time the guns were delivered to Randy's home, the *887 list of guns included with plaintiff's exhibit No. 4 was a different list from that attached to Joel's first amended complaint. The attachment to the complaint was from a firearms receipt-and-disposition record book. Fifty guns were described, but the receipt section of the form was not properly filled out and instead contained handwritten notes. Also, there was a "Disposition & Sales" page, but it was not properly filled out either and contained a notation "To Randy L. Friday" beside Randy's home address. Comparing the two lists of guns, there were subtle differences as to value, and an AR-15 appears to have been listed twice on plaintiff's exhibit No. 4. Moreover, Joel had presented two different lists purporting to be his inventory of approximately fifty guns, yet Joel's witnesses testified that there were twice as many guns in Joel's inventory from the store. The trial court's decision not to rely on plaintiff's exhibit No. 4 was a matter involving credibility and the weight of the evidence on which this court defers to the trial court. City of Tontitown, supra .
Affirmed.
Abramson and Hixson, JJ., agree.